**Abbe BERSHATSKY, Plaintiff–Appellant,**

v.

**Wilbur A. LEVIN, Commissioner of Jurors, Kings County, New York and his successors in office, Defendant–Appellee.**

No. 380, Docket 96–7238.

United States Court of Appeals, Second Circuit.

Argued Oct. 30, 1996.

Decided Nov. 8, 1996.

Donald Marcus, Brooklyn, NY, for Plaintiff–Appellant.

Richard J. Cardinale, Assistant Attorney General, New York City (Dennis C. Vacco, Attorney General of the State of New York, Victoria A. Graffeo, Solicitor General, Thomas D. Hughes, Assistant Solicitor General, New York City, on the brief), for Defendant–Appellee.

Before: KEARSE, WALKER, and JACOBS, Circuit Judges.

PER CURIAM:

Plaintiff Abbe Bershatsky appeals from a judgment of the United States District Court for the Eastern District of New York, David G. Trager, *Judge*, dismissing her complaint against the Commissioner of Jurors for Kings County, New York, seeking an injunction against the selection of potential jurors from voter registration lists, on the ground that that practice constitutes an impermissible burden on the right to vote, in violation of 42 U.S.C. § 1973i(b) (1994), the Equal Protection Clause of the Fourteenth Amendment, and the Twenty–Fourth Amendment. In her complaint or in an affidavit, Bershatsky asserted principally that "[s]erving jury duty is economically disadvantageous to people," that she "wish[ed] to vote at the next general election without the knowledge that that could cause [her] to be selected for jury duty," and that the prospect of being called for jury duty was "coerc[ive]" and "intimidat[ing]," and could "discourage[ ]" people from voting.

The district court, in a Memorandum and Order dated January 30, 1996, published at 920 F.Supp. 38, dismissed the complaint for failure to state a claim, noting, *inter alia,* that although a citizen's right to vote is fundamental, *see Harper v. Virginia Board of Elections,* 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966), governments have a compelling need to adopt jury selection systems that are designed to ensure a fair cross-section of the community in the jury venire, *see* 920 F.Supp. at 40–41, and " 'jury duty should be regarded as a patriotic service[;] ... all public-spirited persons should willingly sacrifice pecuniary rewards in the performance of an obligation of citizenship,' " *id.* at 39 (quoting *Thiel v. Southern Pacific Co.,* 328 U.S. 217, 231, 66 S.Ct. 984, 991, 90 L.Ed. 1181 (1946) (Frankfurter, J., dissenting) (internal quotation marks omitted)). We affirm substantially for the reasons stated in the district court's opinion.

"The American tradition of trial by jury, considered in connection with either

criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community." *Thiel v. Southern Pacific Co.*, 328 U.S. at 220, 66 S.Ct. at 985; *see also Lockhart v. McCree*, 476 U.S. 162, 174–75, 106 S.Ct. 1758, 1765–66, 90 L.Ed.2d 137 (1986); *Taylor v. Louisiana*, 419 U.S. 522, 530–31, 95 S.Ct. 692, 697–98, 42 L.Ed.2d 690 (1975). Governments have an obligation to adopt a system of calling potential jurors that does "not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id.* at 538, 95 S.Ct. at 702.

■ The district court noted that, for the summoning of potential jurors in the federal courts, Congress has indicated that the use of voter registration lists is the preferred method. *See* 28 U.S.C. § 1863(b)(2) (1994). "The use of voter registration lists was chosen by Congress in part because it provided each qualified citizen with an equal opportunity to cause his name to be among those from which random selection is made, and ... it [i]s the largest generally available random source that [i]s frequently updated." *United States v. Cecil*, 836 F.2d 1431, 1445 (4th Cir.) (en banc) (internal quotation marks omitted), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 883 (1988); *see* H.R.Rep. No. 1076, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.C.C.A.N. 1792, 1794. And, as the use of voter registration lists is generally the most effective means of obtaining a jury venire representative of the citizens of a community, this method of selecting potential jurors has been upheld in the face of constitutional challenges by litigants whose cases have been decided by juries. *See, e.g., Schanbarger v. Macy*, 77 F.3d 1424, 1424 (2d Cir.1996) (per curiam) (upholding use of voter registration lists as source of names for civil jury venire); *United States v. Ashley*, 54 F.3d 311, 314 (7th Cir.) (same in criminal case), *cert. denied*, — U.S. ——, 116 S.Ct. 232, 133 L.Ed.2d 161 (1995); *United States v. Lewis*, 10 F.3d 1086, 1090 (4th Cir.1993) (same).

■ We agree with the district court that these principles are equally applicable to jury selection in the state courts. Although alternative lists, such as lists of licensed drivers and of individuals who have filed tax returns, can be and have been used as an additional source, they are, as the district court noted, both overinclusive, as they may include noncitizens, and underinclusive, as they likely will not include citizens whose income levels do not require the filing of tax returns and who do not drive. Only citizens are allowed to serve on juries; only citizens are allowed to vote. A call to jury duty, to fulfill one's responsibility as a citizen, does not constitute coercion or intimidation within the meaning of 42 U.S.C. § 1973i(b). Protection of a citizen's right to vote, especially freed from the civic responsibility to serve as a juror, does not justify depriving a government of the jury-pool selection method that has generally proven the most effective means of pursuing the compelling interest of achieving a reasonably representative venire.

We have considered all of Bershatsky's contentions on this appeal and have found them to be without merit. The complaint seeking to preclude the use of voter registration lists to summon potential jurors was properly dismissed. The judgment of the district court is affirmed.